UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS, et al.,<br><br>Defendants. | No. 2:17-cv-1326-GEB-EFB P<br><br><br><br>ORDER |

Plaintiff is a federal prisoner proceeding pro se with claims arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In addition to filing a complaint (ECF No. 1), she has also filed a motion for discovery (ECF No. 21) and a motion for appointment of counsel (ECF No. 30). For the reasons stated hereafter, plaintiff's complaint will be dismissed with leave to amend and her motions will be denied.

**I.    Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ' 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## II. Motion for Discovery

Plaintiff's motion for discovery (ECF No. 21) is denied as premature. As it stands, no defendants have been served. If defendants are successfully served in this action, the court will issue a discovery order and plaintiff will have an opportunity to engage in discovery.

## III. Motion for Appointment of Counsel

Plaintiff' motion for the appointment of counsel (ECF No. 30) is also denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## IV. Screening Order

Plaintiff alleges that she was sexually assaulted by male members of the United Marshal Service and by other, male federal inmates during transportation from the Sacramento County Jail to federal court. ECF No. 1 at 5-8; 11-14. The court finds that plaintiff has failed to state a viable claim against defendants Sacramento County Sheriff's Department and inmate Caesar. The court finds that plaintiff's claims against the unnamed United States Marshals are cognizable, but these defendants cannot be served unless they are identified by name.

### A. Sacramento County Sheriff's Department

The Supreme Court has held that:

> A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

3

*Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978).[1] The complaint does not appear to allege that any specific policy of the Sacramento County Sheriff's Department contributed to her injuries. If she believes that some policy of this defendant did contribute, she may state as much in any amended complaint she elects to file.

### B. Caesar

Plaintiff alleges that another federal inmate named Caesar sexually assaulted her while both were being transported to court. ECF No. 1 at 11-12. This claim cannot be brought in this action because defendant Caesar, as an inmate, did not act under color of state or federal law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotation marks omitted); *see also Williams v. Anderson*, No. CIV S-11-0431 JAM CMK P, 2011 U.S. Dist. LEXIS 43790, 2011 WL 2610528, at *1 (E.D. Cal. Apr. 22, 2011) (an inmate is not a "state actor" for purposes of § 1983 unless he has conspired with state officials to deprive a plaintiff of his constitutional rights).

### C. United States Marshals

Plaintiff alleges that unnamed United States Marshals sexually assaulted her and allowed her to be sexually assaulted by other inmates during transport. ECF No. 1 at 5-8; 11-14. These claims are cognizable, but these defendants cannot be served until they are identified. If plaintiff elects to amend her complaint, she must identify the marshal defendants she accuses of wrongdoing by their full names (first and last name). The court is not unsympathetic to the inherent difficulty faced by inmates in obtaining identifying information. Nevertheless, the burden rests with the plaintiff and the court cannot undertake an investigation on her behalf.

/////

---

[1] The court notes that plaintiff's claim against the sheriff's department would, if cognizable, proceed under § 1983 rather than *Bivens*. Regardless, it bears noting that actions under *Bivens* are identical to those brought under § 1983 "save for replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

**V.     Leave to Amend**

Plaintiff may choose to file an amended complaint which comports with the foregoing screening order. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving her of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

In light of this opportunity to amend, the court will deny plaintiff's pending motion to amend (ECF No. 29) as moot.[2]

/////

---

[2] The court notes that this motion also requests forms for various types of motions – including motions for stipulation, production of documents, requests for admissions and, more broadly, any forms applicable to prisoner litigation. ECF No. 29. The court does not provide such forms. Plaintiff may file those motions she deems necessary without the benefit of forms and the court will construe them liberally. Finally, in a sentence at the very end of the motion, plaintiff alleges that she is not receiving medical treatment at her current place of incarceration. *Id.* She does not appear to seek any immediate relief related to this allegation, however.

5

## VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for discovery (ECF No. 21) is DENIED without prejudice.
2. Plaintiff's motion for the appointment of counsel (ECF No. 30) is DENIED without prejudice.
3. Plaintiff's motion to amend complaint (ECF No. 29) is DENIED as moot.
4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order.
5. Failure to comply with this order may result in dismissal of this action.

DATED: September 19, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE