UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY, | No. 2:17-cv-1326-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES MARSHALS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On September 19, 2017, the court entered an order dismissing plaintiff's complaint with leave to amend. ECF No. 31. The court noted that plaintiff had stated potentially cognizable claims against unnamed employees of the United States Marshal's Service. *Id.* at 4. Plaintiff was informed, however, that these defendants could not be served until they were identified by name. *Id.* Now, plaintiff has filed a "motion for order re production of documents" wherein she seeks issuance of a subpoena duces tecum. ECF No. 34. She states that she has made other attempts to learn the identities of the relevant defendants, but that the United States Marshals Service has ignored her requests. *Id.*

A party may compel a person who is not a party to an action to produce documents for inspection and copying pursuant to a subpoena duces tecum. *See* Fed. R. Civ. P. 34(c), 45(a).

/////

Pursuant to 28 U.S.C. § 1915(d), a claimant proceeding in forma pauperis – as plaintiff currently is – will "generally [be] entitled to obtain service of a subpoena duces tecum by the United States Marshal." *Heilman v. Lyons*, 2:09-cv-2721 KJN P, 2010 U.S. Dist. LEXIS 136449, 2010 WL 5168871, *1 (E.D. Cal. Dec. 13, 2010). The Ninth Circuit has held that a "plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Further, in an unpublished decision, the Ninth Circuit faulted a district court for dismissing a plaintiff's case after "it concluded that discovery would not uncover the identities of the defendants because there were no named defendants to serve in [the] case." *Cottrell v. Unknown Corr. Officers*, *1-10*, 230 F.3d 1366 [published in full-text format at 2000 U.S. App. LEXIS 21969] (9th Cir. 2000) (unpublished). Instead, the court in *Cottrell* instructed that the proper course lay in ordering early discovery and/or directing service of a subpoena(s) on a non-party. *Id.*

Based on the foregoing, it is ORDERED that:

1. Plaintiff's Motion for Order re Production of Documents (ECF No. 34) is GRANTED;

2. The Clerk of the Court is directed to provide plaintiff with a signed but otherwise blank subpoena duces tecum form with this order. *See* Fed. R. Civ. P. 45(a)(3);

3. Within twenty-one days, plaintiff must return the signed subpoena provided with this order. The subpoena should identify with particularity the materials it commands to be produced; and

4. The deadline for filing an amended complaint is extended by ninety days from the date of service of this order.

DATED: November 29, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2