UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VILAYCHITH KHOUANMANY,

    Plaintiff,

v.

UNITED STATES MARSHALS, et al.,

    Defendants.

No. 2:17-cv-1326-TLN-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a federal prisoner proceeding pro se with claims arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). She alleges that she was sexually assaulted by male members of the United Marshal Service during transport from the Sacramento County Jail to federal court.

## Background

On September 19, 2017, the court screened plaintiff's complaint and found that, although she had stated a potentially cognizable claim against unnamed members of the Marshal Service, these defendants could only be served if they were identified. ECF No. 31 at 3. On November 30, 2017, the court granted plaintiff's request for a subpoena duces tecum in order to assist in discovery of the identities of the Doe defendants. ECF No. 38 at 1-2. On February 14, 2018, the court amended the subpoena submitted by plaintiff (having found it to be overbroad) and directed service of the subpoena on the custodian of records for the Marshal Service in the Eastern District of California and the custodian of records for the Sheriff of Sacramento County. ECF No. 42.

1

Although no defendant has been served, counsel representing both the United States Marshal and the Sacramento County Sheriff's Department have filed responses indicating compliance with subpoenas served upon them and production of documents to plaintiff in conjunction therewith. ECF Nos. 54, 55, & 56.

Now pending before the court are six motions by plaintiff: (1) a "motion for order re production of documents" (ECF No. 46); (2) a motion to amend complaint (ECF No. 50); (3) a "motion to proceed as John and Jane Does" (ECF No. 52); (4) a motion to proceed with amended complaint (ECF No. 58); (5) motion for appointment of counsel (ECF No. 61); and motion for extension of time to produce documents (ECF No. 62). For the reasons stated hereafter, plaintiff's motion to amend is granted, her remaining motions are denied, and it is recommended that the amended complaint be dismissed without prejudice.

## Amended Complaint

On May 15, 2018, the court ordered that plaintiff would have ninety days to submit an amended complaint. ECF No. 49. Two days later, plaintiff submitted a motion to amend complaint (ECF No. 50) and a first amended complaint (ECF No. 51). Thus, plaintiff's motion to amend is granted and this action will proceed on the amended complaint. That amended complaint must be screened.

### I. Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute*

*on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. <u>Analysis</u>

The court previously explained that plaintiff's claims against the United States Marshal defendants could not proceed until and unless they were identified.  Absent identification, service of these individuals is impossible.  To date, being afforded an opportunity to serve subpoenas, plaintiff has been unable to identify the deputy marshals allegedly responsible for her

3

mistreatment. More than a year has passed since the court found that a cognizable claim had been stated, for screening purposes, against the "Doe" deputy marshals. ECF No. 31. Thus, the court concludes that dismissal of these defendants without prejudice to renewing the claims if the individuals are timely identified. Fed. R. Civ. P. 4(m).

The only defendants actually named in the amended complaint are the Sacramento County Sheriff's Department and Scott Jones, the Sacramento County Sheriff. Plaintiff has failed to state a viable claim against either. The Sacramento County Sheriff's Department is not itself a viable defendant. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of Section 1983.").[1]

With respect to Sheriff Jones, plaintiff has failed to sufficiently allege any personal misconduct on the part of this defendant. She claims that she was not provided with "information pertaining to her right to be free from sexual assault" and that the policy of allowing female inmates to be supervised by male officers during transfers created "an unreasonable risk of harm." ECF No. 51 at 6. It is unclear what information she is referring to or how, had she been provided with that information, the abuse she suffered would have been avoided. And the court is not aware of any legal precedent which holds that transport of female inmates by male staff is per se unconstitutional or automatically recognized as "an unreasonable risk of harm." Moreover, it is unclear, given that plaintiff was allegedly transported by the United States Marshal's staff – over whom defendant Jones has no direct authority – that he had the power to dictate the gender of the deputy marshals transporting her.[2]

/////

---

[1] The court recognizes that this is a *Bivens* action, but section 1983 and *Bivens* actions are functionally identical save for replacement of a state actor (section 1983) with a federal one (*Bivens*). *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

[2] The court notes that, elsewhere in the amended complaint, plaintiff also alleges that Sheriff Jones "allow[ed] the sexual assault, abuses, coercion, and harassment" that she was purportedly subjected to. ECF No. 9. She fails to allege how Jones personally "allowed" the Marshals' alleged sexual assault, however.

4

Based on the foregoing, it is recommended that the complaint be dismissed without prejudice for failure to state a viable claim.

Remaining Motions

In light of the court's recommendation that the complaint be dismissed without prejudice, plaintiff's motion to proceed (ECF No. 52) and motion to move forward with amended complaint (ECF No. 58) are denied. Plaintiff's motion to appoint counsel (ECF No. 61) is denied for the reasons stated previously. *See*, *e.g.*, ECF No. 60.

Plaintiff's motion for order re production of documents, filed April 23, 2018, is also denied. ECF No. 46. Therein, plaintiff asserts that the United States Marshal and Sacramento County Sheriff ignored her subpoenas. *Id.* at 1. After that motion was filed, however, counsel for both entities represented that documents responsive to the subpoenas had been produced to plaintiff. ECF Nos. 54 – 56.[3]

Finally, Plaintiff requests an emergency hearing, though she does not explain what this hearing would specifically address, and an extension of 120 days to "prepare her rehearing petitions." ECF No. 62. She appears to invoke the hearing pursuant to 28 U.S.C. § 2243 – a provision that applies to habeas proceedings. *Id.* Having failed to show good cause for an emergency hearing, this motion is denied.

/////

/////

/////

---

[3] In her subsequent motion to move forward with amended complaint (ECF No. 58), plaintiff alleged that unnamed individuals at FCI Dublin had been opening her mail, delivering it late and, in some cases, not delivering it at all. *Id.* She claims that she did not receive some of the mail that both the Marshal and sheriff's department represent was sent to her. *Id.*

The adequacy of the mail system at FCI Dublin is not at issue in this case and the court is not in a position to investigate it. Plaintiff's proposed solution is appointment of counsel (*id.* at 2), but the court has already explained why appointment is unwarranted. ECF No. 60. Unfounded allegations of mail interference – common to prisoner cases – simply do not amount to the sort of exceptional circumstances which warrants appointment of counsel. In reaching this conclusion, the court notes that both the Marshal and sheriff's department provided proof of service for the documents in question. ECF No. 54 at 6-7; ECF No. 55 at 7. Thus, the court concludes that there would be little utility in directing either entity to re-send the documents.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Order re Production of Documents (ECF No. 46), Motion to Proceed (ECF No. 52), Motion to Move Forward with Amended Complaint (ECF No. 58), Motion to Appoint Counsel (ECF No. 61), and Motion for Extension of Time (ECF No. 62) are DENIED; and

2. Plaintiff's motion to amend complaint (ECF No. 50) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint (ECF No. 51) be DISMISSED without prejudice for failure to identify a viable defendant that can be served and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE