# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES MARSHALS, et al., <br><br> Defendants. | No. 2:17-cv-1326-TLN-EFB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a federal prisoner proceeding pro se with claims arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). She alleges that she was sexually assaulted by male members of the United Marshal Service during transport from the Sacramento County Jail to federal court.

## Background

On September 19, 2017, the court screened plaintiff's complaint and found that, although she had stated a potentially cognizable claim against unnamed members of the Marshal Service, these defendants could only be served if they were identified. ECF No. 31 at 3. On November 30, 2017, the court granted plaintiff's request for a subpoena duces tecum in order to assist in discovery of the identities of the Doe defendants. ECF No. 38 at 1-2. On February 14, 2018, the court amended the subpoena submitted by plaintiff (having found it to be overbroad) and directed service of the subpoena on the custodian of records for the Marshal Service in the Eastern District of California and the custodian of records for the Sheriff of Sacramento County. ECF No. 42.

1

Although no defendant has been served, counsel representing both the United States Marshal and the Sacramento County Sheriff's Department have filed responses indicating compliance with subpoenas served upon them and production of documents to plaintiff in conjunction therewith. ECF Nos. 54, 55, & 56.

On October 19, 2018 – more than a year after the initial complaint in this action was filed - the court recommended dismissal of this action for failure to identify any defendant against whom a cognizable claim could be stated. ECF No. 64. On November 26, 2018, plaintiff filed a lengthy filing wherein she offered objections to the court's recommendations, asked to amend her complaint, requested appointment of counsel, and made a vague request to extend time. ECF No. 68. As discussed below, that filing included a proposed amended complaint which, although difficult to follow, names one defendant against whom this action may proceed. Accordingly, the court vacates its previous findings and recommendations.

## Amended Complaint

As an initial matter, the proposed amended complaint is poorly organized and often difficult to follow. Plaintiff weaves new allegations with legal objections and often repeats herself. Nevertheless, it is apparent that plaintiff has staked a sufficient Eighth Amendment claim against defendant Alencastre. She alleges that Alencastre sexually assaulted her during two searches – once on February 26, 2016 at the federal courthouse and again on March 1, 2016 at the Sacramento County Jail. ECF No. 68 at 7, 13. The court will recommend that all remaining defendants and claims be dismissed.

I. Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

2

Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

/////

/////

II. Analysis

Other than defendant Alencastre, plaintiff has sued: (1) Sacramento County Sheriff Scott Jones; (2) Anne Gaskin-Bailey, Supervising Deputy United States Marshal; (3) United States Marshal Alan Yao; and (4) United States Marshal Sara Deppe. The claims against these individuals are not suitable to proceed in this action.

### A. Sheriff Jones

As the court explained in its previous findings and recommendations, Sheriff Jones cannot be held responsible for plaintiff's sexual assault merely because he allowed law enforcement officers of the opposite sex to transport her. There is no legal precedent which demands that a supervisor automatically suspect or assume – absent some specific knowledge that he has or has reason to have – that his subordinates will sexually abuse inmates of the opposite sex. And, in any event, there is no indication that Jones had any control over the United States Marshals accused of wrongdoing in this case.

Plaintiff appears to concede as much, but now argues that Jones had control over who entered the county jail and "if he had trained and supervised who goes in and out of his County [jail] . . . the males (sic) Marshals would not [have been] allowed inside Sacramento Jail." ECF No. 68 at 8. This argument is unconvincing. Nothing in plaintiff's complaint indicates that Jones had reason to know that any marshal would sexually assault her. Thus, he would have had no reason to interfere with federal law enforcement agents who were, by all appearances, discharging their duty to transport inmates to federal court.

Plaintiff alleges that Jones is in violation of the Prison Rape Elimination Act ("PREA") insofar as sexual assault against inmates is prohibited. *Id.* It is undeniably true that it is unlawful for law enforcement to sexually assault inmates in their custody. But, again, nothing in the complaint indicates that Jones had any reason to know that plaintiff would be sexually assaulted. The PREA does not provide for automatic liability for prison supervisors whenever an inmate is sexually mistreated. In fact, the majority of courts to consider the issue have determined that the PREA does not actually provide for a private cause of action. *See*, *e.g.*, *Hatcher v. Harrington*, 2015 U.S. Dist. LEXIS 13799, 2015 WL 474313, at *4-*5 (D. Haw. Feb. 5, 2015) (finding the

plaintiff's claims under PREA failed, because "[n]othing in the PREA explicitly or implicitly suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act," and although there appears to be no federal appellate decision addressing this issue, "district courts nationwide have found that PREA does not create a private cause of action that can be brought by an individual plaintiff").

B. Defendant Gaskin-Bailey

Similar to her allegations against Sheriff Jones, plaintiff claims that Gaskin-Bailey should have ensured that there was at least one female marshal engaged in plaintiff's transport. ECF No. 68 at 5. The court is unaware of any case or statutory law requiring as much.[1]

Next, plaintiff alleges that Gaskin-Bailey should have trained marshals under her supervision to avoid sexually assaulting inmates in their custody. *Id.* This vague claim is insufficient to implicate wrongdoing. In a *Bivens* action, a supervisor is only liable if she personally participated in the alleged violations or knew of the violations and failed to act to prevent them. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, it is wholly insufficient for a claimant to offer an unadorned allegation that a supervisor should have trained her subordinates not to act unlawfully.

Finally, plaintiff appears to allege that Gaskin-Bailey violated the PREA. As described above, there is no private action under that act.

C. Defendants Yao and Deppe

Plaintiff claims that these defendants failed to prevent another inmate who was transported alongside her – Caesar – from sexually assaulting her on the drive from the county jail to the federal courthouse.[2] ECF No. 68 at 15, 17. These claims are potentially cognizable, but are legally and factually separate from her claims against defendant Alencastre. Pursuant to

---

[1] In a perplexing objection, plaintiff disputes this conclusion by stating that sexual abuse has no penological justification. ECF No. 68 at 5. This statement is correct, plaintiff's conclusion from it is a non-sequitur. The transport of an inmate by opposite-sex correctional officers is not, standing alone, sexual abuse.

[2] The court is unable to discern any allegation that either Yao or Deppe was positioned to intervene during the alleged assaults by Alencastre.

5

Federal Rule of Civil Procedure 20(a)(2), individuals may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence or series of transactions and occurrences and any question of law or fact common to all defendants arises in the action. *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). Whether Alencastre sexually assaulted her during two abusive searches is a question that bears no relation to whether Yao and Deppe took sufficient steps to protect her from a male inmate. Accordingly, the court recommends that these defendants and the claims against them be dismissed.

### D. Leave to Amend

Given how long this case has persisted without any defendant being served, the court declines to grant plaintiff further leave to amend. Instead, it will direct her to submit service documents for defendant Alencastre and recommend dismissal of all other defendants and claims.

### Miscellaneous Relief

Plaintiff's request to file her proposed amend complaint is granted. Her request for appointment of counsel is denied for the same reasons identified in the court's previous order. *See* ECF No. 67. It is unclear what plaintiff's request for extension of time relates to and, consequently, that request is denied.

### Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on October 19, 2018 (ECF No. 64) are vacated;
2. Plaintiff's motion (ECF No. 68) is GRANTED in part – her request to file her proposed amended complaint is granted and the motion is denied in all other respects;
3. The Clerk of Court is directed to separately docket plaintiff's motion (ECF No. 68) as "Second Amended Complaint";
4. The operative complaint contains allegations sufficient to state a potentially cognizable Eighth Amendment claim against defendant Alencastre;

/////

5. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the November 26, 2018 complaint, a USM-285 form and instructions for service of process on defendant Ben Alencastre. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Alencastre will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure;

6. Failure to comply with this order may result in dismissal of this action.

Further, IT IS HEREBY RECOMMENDED that defendants Jones, Gaskin-Bailey, Yao, and Deppe be DISMISSED without prejudice for the reasons identified above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES MARSHALS, et al.,<br><br>        Defendants. | No. 2:17-cv-1326 TLN EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

    In accordance with the court's Screening Order, plaintiff hereby submits the following forms:

    __1__    completed summons form

    __1__    completed forms USM-285

    __2__    copies of the November 26, 2018 complaint

                                               _____

                                                        Plaintiff

Dated: