UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS, et al.,<br><br>Defendants. | No. 2:17-cv-1326-TLN-EFB P<br><br><br><br>ORDER |

Plaintiff is a federal prisoner proceeding pro se with claims premised under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). She has filed another request for appointment of counsel, a request to conduct discovery, and a motion to stay. ECF Nos. 83, 84. As explained below, the motions are denied.

As has previously been explained, *see* ECF Nos 31, 42, 49, 60, 64, 67, 79, district courts lack authority to require counsel to represent indigent prisoners in cases such as this one. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Palmer v.*

1

*Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors once again, the court still finds there are no exceptional circumstances in this case

Plaintiff has also filed a request for "production of documents" and for a "subpoena duces tecum." ECF No. 83. Plaintiff's request is premature. The court has ordered service of the complaint by the U.S. Marshal. ECF No. 77. After a defendant files an answer to the complaint, the court will issue a discovery and scheduling order. Plaintiff may then seek documents from defense counsel and should file a motion asking for the court's assistance only if she cannot obtain them through requests made pursuant to the ordinary discovery rules (Federal Rules of Civil Procedure 26-37 & 45).

Plaintiff's request for a stay is also denied. There are currently no deadlines in this case requiring action by plaintiff and her interest in pursuing discovery at this time undermines any actual need for a stay of proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 84) is denied without prejudice;
2. Plaintiff's request for discovery (ECF No. 83) is denied as premature; and
3. Plaintiff's request for a stay (ECF No. 84) is denied without prejudice.

Dated: June 6, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE