UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS, et al.,<br><br>Defendants. | No. 2:17-cv-1326-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. She has filed a motion to amend her complaint (ECF No. 101) which, for the reasons stated hereafter, should be denied.

I. Procedural Background

The procedural history of this case is, as the court explained in its March 28, 2019 order and recommendations, lengthy and troubled. ECF No. 73 at 1-2. Nevertheless, more than two years after this action was initially filed, the court found that plaintiff had stated – for screening purposes – a cognizable Eighth Amendment claim against defendant Alencastre. *Id.* at 2. Service was directed for defendant Alencastre (ECF No. 77) and he filed an answer on June 24, 2019 (ECF No. 92). All other claims and defendants were dismissed on July 12, 2019. ECF No. 97. The court issued a scheduling order on June 27, 2019. ECF No. 96.

/////

1

On September 3, 2019, plaintiff filed a motion to amend her complaint. ECF No. 101. Defendant Alencastre has filed an opposition thereto. ECF No. 105.

II. Legal Standards

The Federal Rules of Civil Procedure state that courts "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)). Nevertheless, a court may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). In weighing whether to allow amendment, all inferences should be drawn in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

III. Analysis

Plaintiff's proposed amendment must be denied on the basis of futility and undue delay. The proposed amended complaint – like its predecessors – is difficult to read. It consists of thirty-four pages which, while typed, adhere to no discernable theory of organization.[1] Plaintiff begins by arguing that officials at her facility of incarceration – FCI Dublin – have retaliated against her and are interfering with her receipt of legal mail. ECF No. 101 at 1. She offers no context for these claims and concludes by asking the court to grant her motion for appointment of counsel and for extension of time. *Id.* There are, however, no pending motions other than the

---

[1] The lack of clarity is compounded by the fact that, in addition to the complaint contained in the body of the motion to amend, plaintiff has also filed a separate "third amended complaint" on the docket. ECF No. 102. It is unclear which complaint plaintiff would have the court substitute if it were to allow amendment. Regardless, the court's reasons for recommending that amendment be denied apply with equal force to both filings.

2

one at bar for leave to amend.[2]  To the extent she seeks to assert a claim against any official at FCI Dublin, that claim would belong in a separate suit.

The remainder of the complaint is devoted to rehashing her allegations against defendant Alencastre (*id.* at 2-8),[3] describing her process of attempted administrative exhaustion under the Prison Litigation Reform Act (PLRA) (*id.* at 9-14),[4] and re-asserting claims against defendants which were previously dismissed without leave to amend (*id.* at 17-25).  The proposed complaint offers no substantive changes to the allegations already proceeding against defendant Alencastre.  And, with respect to the other claims and defendants, the court previously indicated that, due to the age and posture of this case, it was not inclined to entertain further amendment.  ECF No. 73 at 6 ("Given how long this case has persisted without any defendant being served the court declines to grant plaintiff further leave to amend.  Instead it will direct her to submit service documents for defendant Alencastre and recommend dismissal of all other defendants and claims.").  Suffice it to say, the meandering allegations and absence of new, convincing theories

/////

---

[2] It is likely that plaintiff is referring to the motion for appointment of counsel filed September 3, 2019 (ECF No. 103) and denied on September 18, 2019 (ECF No. 104).  It is unclear, however, what motion for extension of time she is referencing.

[3] The court recognizes that plaintiff alleges a third allegation of sexual assault against defendant Alencastre.  Previously it understood her to be alleging that this defendant had sexually assaulted her during searches on February 26, 2016 and March 1, 2016.  ECF No. 72 at 7, 13.  For the first time, the court recognizes that she also alleges that Alencastre sexually assaulted her on March 11, 2016 as well.  This allegation is already contained in the operative complaint, however.  *Id.* at 18.  The court, due in no small part to plaintiff's lack of organizational clarity, overlooked that claim in its screening order.  Plaintiff may, *based on the operative complaint*, also proceed with her claim regarding the March 11, 2016 allegations.  Defendant Alencastre may file an updated answer which addresses those claims within twenty-one days.

[4] Plaintiff's description of her attempts at administrative exhaustion cannot be characterized as helpful in clarifying her allegations.  She references (but does not include) letters sent to: (1) the Federal Bureau of Investigation (ECF No. 101 at 11); (2) a federal district judge in Iowa (*id.* at 12); and (3) the Alliance Against Family Violence, a non-governmental entity (*id.*).  It is unclear whether she intends these mailings to serve as evidence of exhaustion.   In any event, she is not required to plead exhaustion insofar as it is an affirmative defense.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002).

of liability do not inspire the court to second-guess its decision that this action should proceed only against Alencastre.[5]

The court is not insensitive to the gravity of plaintiff's allegations or the difficulties faced by laypeople (and prisoners in particular) in litigating without the assistance of counsel. The interests of justice, however, demand that cases move toward resolution, both for the benefit of the parties and the broader judicial economy. Plaintiff has already been afforded multiple opportunities to amend and she should not be permitted to continually reset the case to an incipient stage. The matter might be different if her proposed complaint offered new, cognizable theories of liability (either for Alencastre or other defendants) or if it meaningfully clarified her original allegations. It does neither.

IV. Conclusion

For the reasons stated above, it is RECOMMENDED that plaintiff's motion to amend (ECF No. 101) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] For instance, plaintiff continues to attempt to assert a claim against Sacramento County Sheriff Scott Jones despite the court's previous recommendation (adopted, as noted *supra*) that he be dismissed. ECF No. 101 at 17. Her legal theory for holding him liable, to the extent the court can discern, remains the same and is no more convincing than it was at the time the court recommended his dismissal.