UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS, et al.,<br><br>Defendants. | No. 2:17-cv-1326-TLN-EFB P<br><br><br><br>ORDER |

Plaintiff is a federal prisoner proceeding pro se with an action arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). She currently proceeds with an Eighth Amendment claim for alleged sexual assault against defendant Alencastre. *See* ECF Nos. 73, 77, & 92. On September 3, 2019, plaintiff filed a motion to amend which sought primarily to reinstitute claims that the court had already screened out. ECF No. 101. The court recommended that motion be denied based on: (1) the length of time this case has already been pending; (2) plaintiff's lengthy and troubled history of filing numerous motions to amend; and (3) the scattershot nature of plaintiff's proposed amended complaint. ECF No. 106. Those recommendations were adopted in full by the district judge. ECF No. 113.

After the foregoing recommendations were filed, plaintiff submitted numerous additional motions – three more motions to amend (ECF Nos. 107, 114, 120), three motions to compel (ECF Nos. 108, 112, 114), two motions to appoint counsel (ECF Nos. 114, 119), and what appears to be

1

responses to defendant Alencastre's discovery requests (ECF No. 122). As discussed below, plaintiff is granted leave to file an amended complaint as provided herein, and all other motions are denied.

## Motion to Amend

In the October 21, 2019 motion to amend, plaintiff states, *inter alia*, that she named the wrong individual as the alleged perpetrator of her sexual assault. ECF No. 107 at 2. She requests that defendant Alencastre be replaced with Kevin Deppe. *Id.* The motion to amend, however, is not a complaint that is complete in itself. Indeed, plaintiff refers to it as both a motion to amend and a "motion to supplement defendant(s)." ECF No. 107 at 1. The local rules require that every amended pleading be complete in itself. *See* Local Rule 220. Thus, in granting her motion to amend, plaintiff is directed to file her amended complaint which substitutes Kevin Deppe within thirty days from the date of service of this order. Once the new complaint is submitted, the court will screen it and, if appropriate, recommend that defendant Alencastre be dismissed from this suit.[1] Plaintiff's subsequently-filed motions to amend, ECF Nos. 114 and 120, are denied as duplicative and thus, moot. Plaintiff is cautioned that the filing of duplicative motions serves only to slow the progress of this case. In the future, plaintiff shall await a response from the court before filing redundant requests.

As defendants requested in response to the motion to amend, the court re-affirms that the only active claim is an Eighth Amendment claim for sexual assaults alleged to have occurred on February 26, 2016, March 1, 2016, and March 11, 2016. ECF No. 110 at 2. Thus, plaintiff is cautioned that leave to amend is granted only as to that claim to permit plaintiff to substitute Kevin Deppe as a defendant.

---

[1] However, plaintiff states in one of her motions that she intends to include Alencastre as a co-defendant in an amended complaint because "he was there" and thus, has information that she would like to seek through discovery. ECF No. 114 at 4. That is not a basis for including Alencastre as a defendant. While plaintiff may seek discovery from witnesses with relevant information, simply being "there" is not adequate grounds for a claim. Plaintiff is admonished that unless she alleges actions by Alencastre that violated her federally-protected rights, Alencastre should not be included as a defendant in any amended complaint. If plaintiff files an amended complaint that states a viable claim as to Deppe, plaintiff will have the opportunity to engage in discovery.

2

## Motions to Compel

Plaintiff's motions to compel (ECF Nos 108, 112, 114) are denied. The interrogatories at issue were directed at defendant Alencastre whom, as noted *supra*, plaintiff now indicates she misidentified as the perpetrator of her sexual assault. Thus, it appears that adjudicating these motions to compel would be a waste of judicial economy. Further, as defendant points out, the other requests for discovery assistance contained in the motions are untimely and should have been submitted by September 27, 2019. *See* ECF No. 96.

## Motions to Appoint Counsel

Plaintiff has also filed redundant requests for appointment of counsel (ECF Nos. 114, 119). As has previously been explained (*see* ECF Nos 31, 42, 49, 60, 64, 67, 79), district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors once again, the court still finds there are no exceptional circumstances in this case.

## Discovery Responses

Plaintiff has filed her responses to defendant's discovery with the court. ECF No. 122. As plaintiff is aware (*see* ECF No. 99), discovery requests/responses shall only be filed with the court if they are at issue. *See* E.D. Cal. Local Rules 250.2-250.4. At this time, there is no proceeding before the court that requires the court's review of plaintiff's discovery responses.

/////
/////
/////
/////

## Conclusion

Based on the foregoing, it is ORDERED that:

1. Plaintiff's motion to amend (ECF No. 107) is GRANTED to the extent that, within thirty days from the date of service of this order, plaintiff must submit an amended complaint that is complete in itself and substitutes Kevin Deppe as a defendant to this action;

2. Plaintiff's subsequently-filed motions to amend (ECF Nos. 114 and 120) are DENIED as duplicative and thus, moot;

3. Plaintiff's motions to compel (ECF Nos. 108, 112, 114) are DENIED;

4. Plaintiff's motions for the appointment of counsel (ECF Nos. 114, 119) are DENIED, without prejudice; and

5. Plaintiff's responses to discovery (ECF No. 122) are disregarded.

DATED: January 29, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE