UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS, et al.,<br><br>Defendants. | No. 2:17-cv-1326-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a federal prisoner proceeding pro se with an action brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff currently proceeds on her second amended complaint (ECF No. 72) against defendant Alencastre with Eighth Amendment claims for sexual assaults alleged to have occurred on February 26, 2016, March 1, 2016, and March 11, 2016. *See* ECF No. 73; ECF No. 106 at 3 n.3; ECF No. 124 at 2 (Screening orders identifying and narrowing plaintiff's claims). On October 21, 2019, plaintiff filed a motion seeking to add defendant Kevin Deppe as a defendant. ECF No. 107. The court interpreted plaintiff's motion as one to substitute defendant Alencastre with Kevin Deppe and granted leave to amend for this sole purpose. ECF No. 124. On February 18, 2020, plaintiff filed a third amended complaint (ECF No. 125), which the court must now screen.[1]

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1    Defendant Alencastre has filed what is styled as an "opposition to plaintiff's sixth motion
2  to amend the complaint," (ECF No. 126), citing ECF No. 125. However, docket number 125 is
3  not a motion, it is the amended complaint that plaintiff filed in response to the previous order
4  granting leave to amend. ECF No. 124. Thus, defendants' objections to the content of the
5  amended complaint must be presented in an appropriate responsive pleading or motion to dismiss
6  pursuant to Rule 12 of the Federal Rules of Civil Procedure.

7    Nonetheless, in screening the amended complaint the court finds that it fails to comply
8  with the court's order permitting amendment. First, it purports to add new claims along with
9  claims and defendants that have previously been dismissed. As noted, plaintiff was granted leave
10 to amend for the sole purpose of substituting defendant Alencastre with Kevin Deppe. Instead,
11 plaintiff has added new claims and named defendants who were previously dismissed. Plaintiff
12 has been repeatedly admonished that due to the age and posture of this case, the court is not
13 inclined to allow further amendment to add new claims. *See* ECF No. 73 at 6 ("Given how long
14 this case has persisted without any defendant being served the court declines to grant plaintiff
15 further leave to amend. Instead it will direct her to submit service documents for defendant
16 Alencastre and recommend dismissal of all other defendants and claims."); ECF No. 106 (same).

17    Second, the new complaint names Kevin Deppe as a co-defendant instead of substituting
18 him for defendant Alencastre. However, the court has re-examined plaintiff's October 21, 2019
19 motion to amend (ECF No. 107) and now understands that plaintiff did not intend to substitute
20 Kevin Deppe for defendant Alencastre as to *all* of his claims. Rather, plaintiff wished to
21 substitute Deppe only as to the February 26, 2016 sexual assault claim. *See* ECF No. 127
22 (Plaintiff's Reply to Defendant Alencastre's Opposition to Third Amended Complaint); ECF No.
23 124 at 2 n.1 (January 30, 2020 Order acknowledging plaintiff's intent to keep Alencastre as a co-
24 defendant in this case).

25    In light of the foregoing, and because the third amended complaint does not offer new
26 cognizable theories of liability or meaningfully clarify any prior allegations,[2] the court will

---

28  [2] To the contrary, plaintiff claims she must add Scott Jones and Anne Gaskins as defendants in order to obtain pertinent discovery. ECF No. 125 at 2. The court previously

recommend dismissal of all claims that do not pertain to the sexual assault claims. Thus, plaintiff may proceed only on her Eighth Amendment claims for sexual assaults alleged to have occurred on February 26, 2016 by defendant Deppe, and on March 1 and 11, 2016 by defendant Alencastre.

The court declines to grant plaintiff further leave to amend. This action was filed in March of 2017 and due to plaintiff's frequent and redundant amendments and difficulties in presenting organized complaints with cognizable claims, its progress has been needlessly delayed. Further amendment would be futile and would result in undue delay and undue prejudice to the opposing party.

Accordingly, it is ORDERED that:

1. The Clerk of the Court is directed to title the complaint at ECF No. 125 as "Third Amended Complaint."

2. Plaintiff's third amended complaint alleges, for screening purposes, viable Eighth Amendment claims for sexual assaults alleged to have occurred on February 26, 2016 by defendant Deppe, and on March 1 and 11, 2016 by defendant Alencastre.

3. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the February 18, 2020 third amended complaint, a USM-285 form and instructions for service of process on defendant Kevin Deppe. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Deppe will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

/////

/////

---

informed plaintiff that this is not a proper basis for naming someone as a defendant. ECF No. 124 at 2 n.1.

1  Further, it is RECOMMENDED that for the reasons stated above, all claims in the third
2  amended complaint, other than plaintiff's Eighth Amendment sexual assault claims against
3  defendants Deppe and Alencastre, be dismissed without leave to amend.[3]
4  These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
10  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11  DATED:  May 6, 2020.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is advised that dismissal without leave to amend is not the same as "with prejudice."  Dismissal without leave to amend merely precludes her from reviving those claims in the active proceeding.

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS, et al.,<br><br>Defendants. | No.  2:17-cv-1326 TLN EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby submits the following forms:

    1    completed summons form

    1    completed forms USM-285

    2    copies of the February 18, 2020 third amended complaint

_____

Plaintiff

Dated:

5