UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>    Plaintiff,<br><br>  v.<br><br>BEN ALENCASTRE, *et al.*,[1]<br><br>    Defendants. | Case No. 2:17-cv-01326-TLN-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND DENYING (1) PLAINTIFF'S MOTION TO COMPEL, (2) PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, AND (3) DEFENDANTS' MOTION FOR AN EXTENSION OF TIME<br><br>ECF Nos. 151, 156, 161, 163<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>ECF No. 162 |

Plaintiff is a federal prisoner without counsel alleging claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Five motions are currently pending before the court.

First, plaintiff has filed a motion to modify the court's scheduling order, ECF No. 151, and a motion to compel defendant Deppe to provide responses to interrogatories and requests for

---

[1] This action proceeds on the third amended complaint's Eighth Amendment claims against defendants Alencastre and Deppe. ECF Nos. 125, 128, 139. Accordingly, the Clerk of the Court is directed to amend the case name to *Khouanmany v. Alencastre*, 2:17-cv-01326-TLN-JDP.

production of documents, ECF No. 161.  Defendants have filed oppositions to both.  ECF No. 157, 163.  Plaintiff's motion to modify the scheduling order will be granted and her motion to compel denied.

The court issued an initial scheduling order on June 27, 2019.  ECF No. 96.  At that time, this action proceeded on the second amended complaint's Eighth Amendment claims against defendant Alencastre.  ECF No. 72, 73, 97.  The scheduling order required discovery to be completed by December 6, 2019, and dispositive motions to be filed by February 28, 2020.  ECF No. 96 at 4.  In May 2020, plaintiff was granted leave to file a third amended complaint, which added Eighth Amendment claims against defendant Deppe.  ECF Nos. 128, 139.  After Deppe appeared in this action and answered the third amended complaint, the court issued a supplemental scheduling order that permitted plaintiff and Deppe to conduct discovery.  Pursuant to that scheduling order, plaintiff and Deppe were required to serve all discovery requests by September 11, 2020, and to complete all discovery, including filing any motions to compel discovery, by November 13, 2020.  ECF No. 138 at 1.  Dispositive motions were to be filed by no later than February 26, 2021.  *Id*. at 2.

Plaintiff's motion to modify the supplemental scheduling order asks that "any and all deadlines" be extended.  ECF No. 151.  A court can modify its scheduling order only upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  In determining whether good cause exists, courts primarily consider the moving party's diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id*.

Plaintiff appears to contend that she was unable to timely complete discovery because her prison was "in lockdown" beginning April 2020.[2]  ECF No. 151.  But that contention is belied by the docket in this case, which reflects that plaintiff has had little difficulty mailing documents since the purported "lockdown" was implemented.  On May 14, 2020, she submitted the forms necessary to effect service on defendant Deppe.  ECF No. 129.  Less than a week later, she timely

---

[2] Plaintiff does describe the conditions of her institution's lockdown or explain how the prison's restrictions prevented her from comply with the scheduling order's deadlines.

2

1  submitted objections to the May 5, 2020 findings and recommendations.  ECF No. 131.  In June
2  2020, she filed a response to defendant Alencastre's answer, ECF No. 140, and a notice of appeal,
3  ECF No. 141.  The following month, she filed a response to defendant Deppe's answer, ECF No.
4  143, and her tenth motion for appointment of counsel, ECF No. 145.  And in September 2020, she
5  filed a notice of change of address.  ECF No. 148.

6       It is difficult to believe that the prison's "lockdown" precluded plaintiff from serving
7  discovery but not from filing documents with the court.  Nevertheless, the record does suggest
8  that plaintiff attempted, albeit unsuccessfully, to comply with the September 11, 2020 deadline
9  for serving requests for discovery.  In her motion to compel, plaintiff states that on September 8,
10 2021, she delivered to a correctional officer copies of interrogatories and requests for production
11 of documents.  ECF No. 161 at 1.  And while defendants' counsel contends that he did not receive
12 any discovery requests in September 2020, ECF No. at 164 at 1, nothing in the record directly
13 refutes plaintiff's claim that she attempted to timely serve discovery requests.

14      I will grant plaintiff's motion to modify the scheduling order and allow her an opportunity
15 to obtain discovery from Duppe.  However, the deadline for completion of discovery will be
16 extended for the limited purpose of allowing plaintiff to serve Duppe with one set of
17 interrogatories and one set of requests for production of documents.  Plaintiff is admonished that
18 her discovery requests can only seek information related to her Eighth Amendment claims for the
19 sexual assaults that allegedly occurred on February 26, 2016.  No other discovery is permitted.
20 Plaintiff's motion to compel, ECF No. 161, is denied given that Duppe never received the
21 discovery requests that are subject to that motion.

22      Plaintiff has also filed her tenth motion for appointment of counsel.  ECF No. 156.  As
23 plaintiff has previously been informed, she does not have a constitutional right to appointed
24 counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court
25 lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. District Court*
26 *for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the voluntary
27 assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to
28 represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a

means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). Plaintiff has not demonstrated that these factors weight in favor of appointing her counsel, and her motion is therefore denied.

Lastly, plaintiff has filed a motion for summary judgment. ECF No. 162. This motion amounts to little more than a recitation of legal principles. It does not advance any specific arguments relating to her claims against defendants and, more significantly, it is not supported by evidence. The motion also fails comply with the requirements of Local Rule 260(a). Given the motion's deficiencies, as well as plaintiff's need to complete discovery, I recommend that plaintiff's motion for summary judgment be denied without prejudice.[3]

Should plaintiff wish to renew her motion for summary judgment, she must comply with Local Rule 260(a). That rule requires motions for summary judgment to be accompanied by a "Statement of Undisputed Facts" that identifies "each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." The moving party must also file each evidentiary document cited in the motion for summary judgment. E.D. Cal. L.R. 260(a).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to modify the scheduling order, ECF No. 151, is granted.

2. The supplemental scheduling order, ECF No. 138, is modified as follows:

   a. plaintiff is granted until August 27, 2021 to serve one set of interrogatories and one set of requests for production of documents on defendant Deppe;

   b. the interrogatories and requests for production of documents may only seek

---

[3] Defendants have filed a motion for an extension of time to file a response to plaintiff's motion for summary judgment. ECF No. 163. In light of the recommendation that plaintiff's motion be denied, defendants' motion for an extension of time is denied as moot.

means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). Plaintiff has not demonstrated that these factors weight in favor of appointing her counsel, and her motion is therefore denied.

Lastly, plaintiff has filed a motion for summary judgment. ECF No. 162. This motion amounts to little more than a recitation of legal principles. It does not advance any specific arguments relating to her claims against defendants and, more significantly, it is not supported by evidence. The motion also fails comply with the requirements of Local Rule 260(a). Given the motion's deficiencies, as well as plaintiff's need to complete discovery, I recommend that plaintiff's motion for summary judgment be denied without prejudice.[3]

Should plaintiff wish to renew her motion for summary judgment, she must comply with Local Rule 260(a). That rule requires motions for summary judgment to be accompanied by a "Statement of Undisputed Facts" that identifies "each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." The moving party must also file each evidentiary document cited in the motion for summary judgment. E.D. Cal. L.R. 260(a).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to modify the scheduling order, ECF No. 151, is granted.

2. The supplemental scheduling order, ECF No. 138, is modified as follows:

   a. plaintiff is granted until August 27, 2021 to serve one set of interrogatories and one set of requests for production of documents on defendant Deppe;

   b. the interrogatories and requests for production of documents may only seek

---

[3] Defendants have filed a motion for an extension of time to file a response to plaintiff's motion for summary judgment. ECF No. 163. In light of the recommendation that plaintiff's motion be denied, defendants' motion for an extension of time is denied as moot.

information related to plaintiff's Eighth Amendment claims for the sexual assaults that allegedly occurred on February 26, 2016;

      c. plaintiff must serve her discovery requests on defendant Deppe's attorney of record at the following address:

> Chi Soo Kim
> United States Attorney's Office
> 501 "I" Street
> Suite 10-100
> Sacramento, CA 95814

      d. any motion to compel Deppe's responses to discovery shall be filed by no later than October 15, 2021; and

      e. the deadline for filing dispositive motions is extended to January 7, 2022.

    3. Plaintiff's motion for appointment of counsel, ECF No. 156, is denied.

    4. Plaintiff's motion to compel, ECF No. 161, is denied without prejudice.

    5. Defendants' motion for an extension of time, ECF No. 163, is denied as moot.

Further, it is RECOMMENDED that plaintiff's motion for summary judgment, ECF No. 162, be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __July 28, 2021__  
                                                    _____  
                                                    JEREMY D. PETERSON  
                                                    UNITED STATES MAGISTRATE JUDGE