1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VILAYCHITH KHOUANMANY,              Case No.  2:17-cv-01326-TLN-JDP (PC)

12            Plaintiff,                 ORDER DENYING (1) PLAINTIFF'S
                                         MOTIONS TO COMPEL DISCOVERY,
13        v.                             (2) PLAINTIFF'S MOTION TO FOR
                                         APPOINTMENT OF COUNSEL, AND
14   BEN ALENCASTRE, *et al.*,           (3) PLAINTIFF'S MOTION FOR AN
                                         EXTENSION
15            Defendants.
                                         ECF Nos. 174, 175, 179
16

17        Plaintiff is a federal prisoner without counsel alleging claims under *Bivens v. Six*

18   *Unknown Named Agents*, 403 U.S. 388 (1971).  In addition to renewing her motion to appoint

19   counsel, plaintiff has filed several motions to compel further discovery from defendant Deppe.[1]

20        Plaintiff's motion for the appointment of counsel, ECF No. 174, is her eleventh since this

21   suit began.  *See* ECF No. 169 (noting that plaintiff has filed ten motions for the appointment of

22   counsel).  As plaintiff has previously been informed, she does not have a constitutional right to

23   appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and

24   the court lacks the authority to require an attorney to represent her, *see Mallard v. U.S. District*

25   *Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the

26

27        [1] Plaintiff also requests copies of several of her recent motions. ECF No. 174.  In their
     opposition to her motions to compel, defendants attest that they have voluntarily mailed plaintiff
28   these documents. ECF No. 177.  Accordingly, this request is denied as moot.

1   voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney

2   to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a

3   means to compensate counsel, the court will seek volunteer counsel only in exceptional

4   circumstances.  In determining whether such circumstances exist, "the district court must evaluate

5   both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his

6   claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525

7   (internal quotation marks and citations omitted).  Plaintiff has not demonstrated that these factors

8   weigh in favor of appointing her counsel, and her motion is therefore denied.

9          Plaintiff moves to compel additional responses from defendant Deppe both to her

10   interrogatories and to her requests for production of documents.  *See* ECF Nos. 174, 175, & 179.[2]

11   She first claims that she has not received defendant Deppe's responses to her requests for

12   document production.  *See* ECF No. 174.  Defendant Deppe attests that he served his responses in

13   January 2022, *see* ECF No. 177 at 2, and it is apparent from plaintiff's subsequent motion that she

14   received his responses, *see* ECF No. 175.  Similarly, in ECF Nos. 174, 175, 179, and 182—a

15   reply to defendant's opposition her untimely third motion to compel—plaintiff claims that Deppe

16   has not served any responses to her interrogatories.  However, defendant Deppe attests that he

17   served responses in September 2021, re-served a copy of his responses in January 2022, and in

18   response to plaintiff's motion has voluntarily served his responses a third time.  *See* ECF No. 177

19   at 2.  Plaintiff's reply, ECF No. 180, acknowledges receipt of defendant Deppe's interrogatory

20   responses on March 14, 2022—notably contradicting her later claim that she never received

21   interrogatory responses, *see* ECF No. 182.  Accordingly, her claims that defendant Deppe never

22   served responses to her interrogatories or her requests for documents are without merit.

23          In her second motion to compel, ECF No. 175, plaintiff raises numerous objections to the

24   sufficiency of defendant Deppe's document production.  I have reviewed her objections and find

25

26          [2] Plaintiff's third motion to compel, ECF No. 179, is duplicative of her earlier motions,
     ECF Nos. 174 & 175, and was filed on March 11, 2022, more than one month after the February
27   3, 2022 deadline to file motions to compel discovery, *see* ECF No. 176.  In light of my finding
     that plaintiff's motion is redundant, she has not provided good cause to extend the February filing
28   deadline.  Accordingly, I will deny her motion to compel, ECF No. 179.

them similarly meritless. In several instances, defendant Deppe properly objected to producing documents that were outside of his custody or control, such as plaintiff's complete Sacramento County jail records. *See* ECF No. 177 at 10-19. Further, it is apparent from the record that Sacramento Sheriff's Department already provided plaintiff's jail records in response to an earlier subpoena. *See* ECF No. 54. In other instances, she moves for additional responses to requests that Deppe had properly objected to as vague, overbroad, unclear, or confusing—for instance, she requested "any and all 'NON-Privileged' information that is available to Deppe and plaintiffs, including 'Privileged' Informations [sic]." ECF No. 177 at 13-15. Defendants have consistently done more than is required of them to facilitate cooperation throughout the discovery process, including re-producing and re-serving materials that plaintiff claimed not to have received or to have lost. They attest that they have provided all relevant documents within their custody and control, ECF No. 177, and plaintiff has not made an adequate showing to the contrary. I cannot compel defendants to provide documents that they do not have.

For the foregoing reasons, plaintiff's motions to compel, ECF Nos. 174, 175, & 179, are denied. Discovery is now closed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions to compel discovery, ECF Nos. 174, 175, & 179, are denied.

2. Plaintiff's motion for appointment of counsel, ECF No. 174, is denied.

3. Plaintiff's motion for an extension of time, ECF No. 179, is denied.

IT IS SO ORDERED.

Dated:    July 12, 2022          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE