UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>Plaintiff,<br><br>v.<br><br>BEN ALENCASTRE and KEVIN DEPPE,<br><br>Defendants. | Case No. 2:17-cv-01326-TLN-JDP (PC)<br><br>ORDER THAT DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER BE GRANTED<br><br>ECF No. 184<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>ECF No. 183<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff is a federal prisoner bringing claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). She alleges that defendants violated her constitutional rights when they sexually assaulted her during two searches of her person. Pending before the court are plaintiff's motion for summary judgment and defendants' motion to modify the scheduling order. I recommend that the former be denied, and I order that the second be granted.

**Plaintiff's Motion for Summary Judgment**

### I.     Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323).  The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.

1  *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

2  The court must apply standards consistent with Rule 56 to determine whether the moving
3  party has demonstrated there to be no genuine issue of material fact and that judgment is
4  appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
5  "[A] court ruling on a motion for summary judgment may not engage in credibility
6  determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.
7  2017) (citation omitted). The evidence must be viewed "in the light most favorable to the
8  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
9  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred
10  Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

11  **II.   Analysis**

12  Plaintiff's motion for summary judgment should be denied because whether defendants
13  violated plaintiff's Eighth Amendment rights by sexually assaulting her is disputed, *see* ECF Nos.
14  134 & 137, and plaintiff's motion for summary judgment does not contain evidence showing that
15  the truth of her allegations is beyond genuine dispute.

16  **Defendants' Motion to Modify the Scheduling Order**

17  Defendants request that the scheduling order be modified to allow them to weigh whether
18  the Supreme Court's recent decision in *Egbert v. Boule*, ---S.Ct. ----, 2022 WL 2056291 (2022),
19  should be applied to this case. They propose that plaintiff's motion for summary judgment be due
20  thirty days after I resolve plaintiff's motions to compel, ECF Nos. 175 & 179.[1] Then, defendants
21  will file their opposition and cross-motion for summary judgment twenty-one days after service
22  of plaintiff's motion. Plaintiff has already filed her motion for summary judgment, however, and
23  it should be denied. Nevertheless, I will modify the scheduling order to allow defendants
24  additional time to file a motion for summary judgment.

25  It is ORDERED that Defendants' motion to modify the scheduling order, ECF No. 184, is
26  GRANTED. Their motion for summary judgment is due thirty days from this order's entry.

27

28  [1] A separate order addressing those motions will issue concurrently.

Plaintiff's opposition, if any, to that motion is due twenty-one days after service of defendant's motion. Defendant's reply shall be due fourteen days after service of plaintiff's opposition.

Further, it is RECOMMENDED that plaintiff's motion for summary judgment, ECF No. 183, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 12, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE