UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY, | Case No. 2:17-cv-01326-TLN-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO SUBMIT OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ALENCASTRE, et al., | ECF No. 198 |
| Defendants. | FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| | OBJECTIONS DUE IN 14 DAYS |
| | ECF No. 188 |

Plaintiff Vilaychith Khouanmany, a federal prisoner without counsel, filed this *Bivens*[1] action alleging that defendants Alencastre and Deppe, both United States Marshals, sexually assaulted her during pat-down searches. Defendants have filed a motion for summary judgment arguing that the Supreme Court's recent decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), forecloses *Bivens* relief. Plaintiff has filed multiple oppositions, ECF Nos. 194, 197, & 198, and,

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1

out of an abundance of caution, I have considered them all.[2]

## Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable factfinder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to portions of depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider material in the record beyond that cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). Given the liberal standard afforded pro se litigants and the prohibition against granting summary judgment by default, I will take the whole record into consideration in evaluating whether defendants are entitled to summary judgement.[3]

"The moving party initially bears the burden of proving the absence of a genuine issue of

---

[2] The filing at ECF No. 198 asks permission to submit an opposition. I have reviewed that filing and will consider it in conjunction with the other two oppositions on file. Plaintiff's motion to submit an opposition is, therefore, granted. Nothing therein indicates that another, more substantive opposition is incoming, and plaintiff would not be entitled to further oppositions regardless.

[3] The advisory committee notes to the 2010 amendments to Rule 56(e) state that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56(e) (advisory committee notes to 2010 amendments). Instead, courts are permitted to consider a fact undisputed if it is not properly addressed or to grant summary judgment if the motion and supporting materials show that the movant is entitled to it. *See id.* This discretion is particularly apposite in cases with prisoner litigants proceeding pro se,

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). While the non-moving party is not required to establish a material issue of fact conclusively in its favor, it must at least produce "evidence from which a jury could reasonably render a verdict in [its] favor." *Id.* (citing *Anderson*, 477 U.S. at 252). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the non-moving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

**Background and Analysis**

Plaintiff alleges that on February 26, 2016, she was sexually assaulted by defendant Deppe when he touched her inappropriately during a pat-down search at the Sacramento federal courthouse. ECF No. 125 at 3. Then, on March 1, 2016, defendant Alcastre allegedly sexually assaulted her in a similar way during another pat-down. *Id.* at 4. Alcastre allegedly sexually assaulted plaintiff again, in similar fashion, on March 11, 2016. *Id.* at 5. Each of these instances is alleged to be a violation of plaintiff's Fourteenth Amendment rights. Defendants now argue that, in light of the Supreme Court's decision in *Egbert*, plaintiff can no longer maintain a *Bivens* action against them.

The Supreme Court in *Egbert* emphasizes that prescribing a cause of action is the prerogative of Congress, not the judiciary. In that case, a Border Patrol agent allegedly used

---

since an unrepresented prisoner's choice to proceed without counsel is often "less than voluntary," and prisoners are subject to the "handicaps . . . [that] detention necessarily imposes upon a litigant," such as "limited access to legal materials . . . [and] sources of proof." *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65, n.4 (9th Cir. 1986); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (holding that courts have an "obligation to give a liberal construction to the filings of pro se litigants").

3

excessive force against the plaintiff while attempting to ascertain the immigration status of a person riding in his car. 142 S. Ct. 1793, 1801 (2022). Plaintiff sued the officer under *Bivens*, alleging violations of his First and Fourth Amendment rights. *Id.* at 1802.

The Supreme Court stated that its prior decisions have evaluated proposed *Bivens* claims by asking two questions: (1) whether the claim is meaningfully different from the cases in which the Supreme Court has implied an action for damages; and, (2) if the claim does arise in a new context, whether there are any "special factors" indicating that the judiciary is less well equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 142 S. Ct. at 1803. The *Egbert* Court noted, however, that "those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.*

The Court observed that it has recognized *Bivens* remedies only three times. First, in the original *Bivens* case, which found a viable Fourth Amendment claim against agents who manacled the plaintiff and made threats against his family when they conducted a narcotics arrest. 403 U.S. 388, 397 (1971). Second, in a Fifth Amendment gender discrimination claim against a Congressman. *Davis v. Passman*, 442 U. S. 228 (1979). And third, in an Eighth Amendment case involving a prisoner's constitutionally inadequate medical care. *Carlson v. Green*, 446 U. S. 14 (1980). The majority then stated:

> Since these cases, the Court has not implied additional causes of action under the Constitution. Now long past the heady days in which this Court assumed common-law powers to create causes of action, we have come to appreciate more fully the tension between judicially created causes of action and the Constitution's separation of legislative and judicial power. At bottom, creating a cause of action is a legislative endeavor.

*Id.* (internal citations and quotation marks omitted).

Following *Egbert*, recognizing a *Bivens* claim in a context outside the three that have been recognized by the Supreme Court is heavily disfavored. As the majority put it, "in almost every case," Congress is better equipped than the judiciary to provide a damages remedy. 142 S. Ct. at 1803. The bar against judicial recognition of a new *Bivens* remedy is so high that "[i]f there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize

a *Bivens* remedy." *Id.* (internal citations and quotation marks omitted).

Here, plaintiff raises Fourteenth Amendment-based claims of sexual assault during searches of a pre-trial detainee. This claim does not fall in one of the three contexts recognized by the Supreme Court. Applying *Egbert*, there are at least two reasons to pause before authorizing a *Bivens* action in this context. First, an alternative remedy exists: the United States Marshals Service holds out an administrative process that investigates allegations of improper conduct by marshals. ECF No. 188-1 at 11. And plaintiff used the process, submitting reports of the misconduct at issue in this case, which was investigated. ECF No. 188-2 at 4-5. This counsels against extending *Bivens* to plaintiff's claims. *Egbert*, 142 S. Ct. at 1806 ("Congress has provided alternative remedies for aggrieved parties in Boule's position that independently foreclose a *Bivens* action here. In *Hernández*, we declined to authorize a *Bivens* remedy, in part, because the Executive Branch already had investigated alleged misconduct by the defendant Border Patrol agent.").

Second, Congress has enacted the Prison Rape Elimination Act and the Prison Litigation Reform Act—both of which considered the protection of prisoner rights—without providing a private right of action against federal jailers. The Supreme Court has noted that such lacunae should not always be presumed to be "mere oversight[s]" and that such "silence might be more than inadvertent." *Abbasi*, 137 S. Ct. at 1849.

As the majority in *Egbert* notes, its decision does not "dispense with *Bivens* altogether." *Id.* at 1803. But, whether or not a *Bivens* remedy might exist outside the three existing Supreme-Court-authorized contexts, *Egbert* leaves little doubt that such a remedy is unavailable to plaintiff here.

In closing, I note that I have considered all of plaintiff's oppositional filings and, despite my best efforts, have found no meaningful counter-analysis of these issues.

Accordingly, it is ORDERED that plaintiff's motion to submit opposition, ECF No. 198, is GRANTED.

Further, it is RECOMMENDED that:

1. Defendants' motion for summary judgment, ECF No. 188, be GRANTED and summary

judgment be entered in their favor and against plaintiff.

    2. The Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    January 4, 2023                                     
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE